**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROLAND FRANK HALL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-05-116)

Submitted: April 28, 2006               Decided: May 11, 2006

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Benjamin Bryant, CAREY, SCOTT & DOUGLAS, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roland Frank Hall pled guilty to a violation of 18 U.S.C. § 1029(a)(1) (2000) and was sentenced to twenty months' imprisonment. He appeals, contending the sentence imposed by the district court was unreasonable.

At the sentencing hearing, the district court sustained Hall's objections to the calculations contained in the presentence report ("PSR") and granted the Government's U.S. Sentencing Guidelines Manual § 5K1.1 (2004) motion for downward departure, based on Hall's substantial assistance to authorities. Following these adjustments to the PSR, the advisory guidelines provided for 4 to 10 months' imprisonment. The district court, commenting on Hall's history of thievery of various kinds and previous "extremely lenient[]" treatment by the courts, regarded the range of imprisonment as insufficient to provide adequate deterrence and provide protection for the public from future crimes by Hall. Thus, the court sentenced Hall to a twenty-month term of imprisonment.

In imposing a sentence post-United States v. Booker, 543 U.S. 220 (2005), district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and, if not, select a sentence

that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).  United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); see United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).

We find that the district court complied with these directives in imposing Hall's sentence.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED